CONSOLIDATED EDISON COMPANY OF NEW YORK, INC., Petitioner,

v.

FEDERAL POWER COMMISSION, Respondent,

Brick Institute of America et al., Intervenors.

STATE OF NORTH CAROLINA and North Carolina Utilities Commission, Petitioners,

v.

FEDERAL POWER COMMISSION, Respondent,

Piedmont Natural Gas Co., Inc., et al., Intervenors.

ALABAMA GAS CORPORATION, Petitioner,

v.

FEDERAL POWER COMMISSION, Respondent,

Southeast Alabama Gas District et al., Intervenors.

ATLANTA GAS LIGHT COMPANY, Petitioner,

v.

FEDERAL POWER COMMISSION, Respondent, South Carolina Electric & Gas Company et al., Intervenors.

Nos. 73–1999, 73–2017, 74–1150, 74–1200.

United States Court of Appeals, District of Columbia Circuit.

July 25, 1975.

Before BAZELON, Chief Judge, LEVENTHAL, Circuit Judge, and AUBREY ROBINSON,* U. S. District Judge for the U. S. District Court for the District of Columbia.

## ORDER

PER CURIAM.

On consideration of the petition for rehearing and clarification, filed by North Carolina and North Carolina Utilities Commission, petitioners in No. 73–2017, it is

Hereby ordered by the Court that the petition for clarification is granted, and the petition for rehearing is denied, for the reasons herein indicated.[1]

Our opinion, written at a time when the practical effects of the challenged FPC actions had largely been determined by our stays *pendente lite,* was intended "to resolve the uncertainties under which the Commission and the parties are now laboring." *Consolidated Edison Co.* v. *FPC,* 168 U.S.App.D.C. 92, 98, 512 F.2d 1332, 1338 (1975). In view of petitioners' expression of continuing uncertainty and the parties' need to plan to meet expected gas supply shortfalls for the 1975–76 winter season, we believe it appropriate to clarify the effect of our May 19 opinion on the alternatives open to the parties for upcoming winter heating season.

Our May 19 opinion held *inter alia* that the 467 plans submitted by the pipelines were not invalid under *Moss* v. *CAB,* 139 U.S.App.D.C. 150, 430 F.2d 891 (1970), as Commission-created plans imposed on the pipelines in violation of the hearing requirement of the Natural Gas Act. This determination rested in part on our perception that the pipelines retained "a degree of independence and flexibility" with regard to the nature of the curtailment plans they filed with the FPC. *See* 168 U.S.App.D.C. at 101, 512 F.2d at 1341. It follows that, if permanent plans are not prescribed by the Commission on the basis of the completed hearings in these cases in time for implementation during the 1975–76 heating season, the pipelines may submit their own plan or a negotiated plan as a new § 4 filing to replace the current plan or they could submit a settlement agreement to the FPC for approval and effectuation.

Pending action on permanent plans, the FPC has the authority to issue interim curtailment orders based on the evidence compiled in the hearings on the permanent plan.[2] Absent interim or permanent action based on the hearing record or a rulemaking replacing the present general policy statement in Order 467 with a rule of binding effect on the pipelines, the FPC's role is primarily one of review of pipeline submissions.[3] Any new § 4 filing for the upcoming winter could be suspended for up to five months upon the Commission's "statement in writing of its reasons for such suspension." 15 U.S.C. § 717c(e) (1970). If a settlement agreement is submitted for approval, the Commission must consider the submission and state reasons supporting any decision to reject a set-

---

\* Sitting by designation pursuant to Title 28 U.S. Code Section 292(d).

1. Petitions for rehearing and suggestions for rehearing en banc have also been filed in Nos. 73–1999, –2017 by North Carolina Natural Gas Corp., Public Service Co. of North Carolina, Piedmont Natural Gas Company, Inc. and in Nos. 74–1150, –1200 by Alabama Gas Corporation and Atlanta Gas Light Company. Those petitions are likewise denied.

2. *See Consolidated Edison Co. v. FPC,* 167 U.S.App.D.C. 134, 144–45, 511 F.2d 372, 382–83 (1974).

3. The Commission also plays an important role in passing on petitions for emergency or extraordinary relief from curtailment plans, ruling on reclassification requests, and monitoring the workings of interim plans pending the order of a permanent plan.

tlement. *See Michigan Consolidated Gas Company v. FPC,* 108 U.S.App.D.C. 409, 283 F.2d 204, *cert. denied sub nom., Panhandle Eastern Pipe Line Co. v. Michigan Consolidated Gas Co.,* 364 U.S. 913, 81 S.Ct. 276, 5 L.Ed.2d 227 (1960).

Our experience with this case has left us with an appreciation of the difficult task faced by the Commission and the parties in coping with curtailments necessitated by the natural gas shortage. We trust that planning to deal with the upcoming winter will apply whatever general criteria are adopted in the light of the particular problems of each pipeline and its customers and will take into account the experience during the 1974–75 winter season.